

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'09 CIV 6797

CANTAB CAPITAL PARTNERS LLP,

    Plaintiff,

– against –

NEUBERGER BERMAN MANAGEMENT
LLC (f/k/a NEUBERGER BERMAN
MANAGEMENT, INC.), NEUBERGER
BERMAN FIXED INCOME LLC (f/k/a
LEHMAN BROTHERS ASSET
MANAGEMENT), AND BOSTON FINANCIAL
DATA SERVICES, INC.,

    Defendants.

Civ. No.

COMPLAINT AND JURY DEMAND

## COMPLAINT

Plaintiff Cantab Capital Partners LLP ("Cantab") by its undersigned attorneys Chaffetz Lindsey LLP ("Chaffetz Lindsey"), for its Complaint against Defendants Neuberger Berman Management LLC (f/k/a Neuberger Berman Management, Inc.) ("NBMI"),[1] Neuberger Berman Fixed Income LLC (f/k/a Lehman Brothers Asset Management) ("LBAM"),[2] and Boston Financial Data Services, Inc. ("BFDS"), states as follows:

### NATURE OF THE ACTION

1. This is an action to recover $1,649,066.67 (the "Cantab Funds") belonging to plaintiff Cantab which defendants NBMI, LBAM, and BFDS negligently transferred by wire to a bank account belonging to Lehman Brothers Commercial Corporation ("LBCC") held at Citibank on September 15, 2008. Shortly after the wire transfer was completed, it became

---

[1] For purposes of consistency with the exhibits attached hereto, this Complaint will refer to the former name of this defendant, Neuberger Berman Management, Inc. ("NMBI").

apparent that the transfer of funds was made in error. Despite the fact that the error was quickly discovered and has been repeatedly admitted by LBCC, Lehman Brothers Holdings Inc., LBAM, and NBMI, the Cantab Funds have not been returned to Cantab.

## THE PARTIES

2. Cantab is incorporated in the United Kingdom, with its principal place of business at Daedalus House, Station Road, Cambridge CB1 2RE.

3. On information and belief, defendant NBMI is a New York corporation, with its principal place of business at 605 Third Avenue, New York, NY 10158. On information and belief, in 2008, Neuberger Berman Management, Inc. was renamed Neuberger Berman Management LLC.

4. On information and belief, defendant LBAM is a Delaware Corporation, with its principal place of business at 605 Third Avenue, New York, NY 10158. On information and belief, on or about May 4, 2009, Lehman Brothers Asset Management was renamed Neuberger Berman Fixed Income LLC.

5. On information and belief, defendant BFDS is a Massachusetts corporation, with its principal place of business at 2 Heritage Drive, Quincy, Massachusetts 02171.

## JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as (1) the amount in controversy exceeds $75,000; (2) the plaintiff is a citizen of a foreign state; and (3) the defendants are all citizens of various different states in the United States.

---

[2] For purposes of consistency with the exhibits attached hereto, this Complaint will refer to the former name of this defendant, Lehman Brothers Asset Management ("LBAM").

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) as (1) NBMI and LBAM both reside in the district; (2) a substantial part of the events giving rise to the claim occurred in the district; and (3) the Cantab Funds are located in the district.

## FACTS

8. On September 15, 2008, Cantab was an investor in Lehman Brothers Institutional Liquidity Funds Prime Portfolio (the "Fund"). A true and correct copy of Cantab's Master Account Statement for the year January 1, 2008 through December 31, 2008 is attached as Exhibit A.

9. Per its prospectus, the Fund was "a money market fund seeking the highest available current income consistent with safety and liquidity." The Fund primarily invested in "corporate debt obligations, asset-backed securities, variable rate obligations, instruments issued or guaranteed by the U.S. Government, its agencies or instrumentalities, repurchase agreements and securities of U.S. and foreign banks." A true and correct copy of the Fund's Prospectus is attached as Exhibit B.

10. NBMI was the Fund's investment manager, administrator, and distributor. NBMI was responsible for choosing the Fund's investments and handling its day-to-day business. See Prospectus, Exh. B, at p. 34.

11. NBMI engaged a "sub-adviser" to choose the Fund's investments and handle its day-to-day business. The sub-adviser of the Fund was LBAM. Id. As investment manager, NBMI was responsible for overseeing the activities of the sub-advisor. Id.

12. On information and belief, NBMI and LBAM further engaged BFDS as the Fund's administrator to administer day-to-day operation of the Funds.

13. By email, on September 15, 2008, Cantab requested a redemption from the Fund in the amount of $1,649,066.67 (the "September 15 Email"). A true and correct copy of the

September 15 Email is attached as Exhibit C. In that email, Cantab gave specific instructions for payment of the redemption into a Cantab account with Goldman Sachs, which account was held at Citibank, Account No. 40616408 (the "Goldman Sachs Account"). See September 15 Email, Exhibit C.

14. Despite the clear instructions in the September 15 Email to send the redemption to the Goldman Sachs Account, NBMI and BFDS instead attempted to send it to a different Cantab account. Prior to September 15, 2008, Cantab had on file with the Fund default payment instructions for redemptions from the Fund. Those default instructions provided for redemption payments into a Cantab account held with LBCC. While Cantab's September 15, 2008 redemption request specifically instructed LBAM *not* to follow the default instructions on file, and to make payment as instructed into the Goldman Sachs Account, NBMI, LBAM and/or BFDS ignored Cantab's specific instructions and instead attempted to follow the default instructions on file. On September 16, 2008, an email from the Fund to Cantab advised, "[t]he payment was sent incorrectly to the other banking instructions on file." A true and correct copy of that September 16, 2008 email is attached as Exhibit D.

15. However, Cantab's redemption request was not processed according to either the default banking instructions on file or the specific instructions contained in the September 15 Email and the Cantab Funds never made it to any account owned or controlled by Cantab.

16. On September 18, 2008, Seth Gabrielson of LBAM advised Cantab that Cantab's September 15, 2008 redemption had instead been paid into an LBCC account held at Citibank, account number 30545087. A true and correct copy of Mr. Gabrielson's email is attached as Exhibit E.

4

17. On September 22, 2008, Monica Kim of LBAM further conceded the Fund's error in processing Cantab's redemption request. Ms. Kim wrote to Cantab that she had spoken to LBAM's client service team, and that they were treating the situation as a "high priority." She advised that it would take "a few days for the money to be kicked back to BFDS and then re-wired to the correct [Goldman Sachs] account but we will chase this to ensure it gets completed ASAP." Further, Ms. Kim indicated that BFDS was involved in directing the wire to the incorrect account. Ms. Kim wrote, "as it was BFDS, the Prime Fund's administrator, who wired the money erroneously, you should receive the interest payments for these missing days – we will make sure we push for this." A true and correct copy of Ms. Kim's email is attached as Exhibit F.

18. Cantab made efforts over the following months to locate the mis-directed funds and to have them returned to Cantab. In connection with those efforts, Cantab again received confirmation that the funds were never sent to Cantab's account. On April 23, 2009, Robert Eby at LBCC confirmed that the transfer was applied to a LBCC account at Citibank and was never credited to a Cantab account. A true and correct copy of Mr Eby's email is attached as Exhibit G.

19. Notwithstanding the clear error committed by NBMI, LBAM, and/or BFDS, and notwithstanding the admissions by the Fund and its agents of the error and of the fact that LBCC has no right to or interest in the funds it is holding as a result of this error, Cantab has to date been unable to recover those funds. On April 24, 2009 Jonathan Williams of Lehman Brothers Holdings Inc. confirmed that even though the funds were transferred "in error" to LBCC, they cannot be returned to Cantab. A true and correct copy of Mr. Williams' email is attached as Exhibit H.

20. Cantab has made numerous requests, both orally and electronically, to defendants to have the funds returned to Cantab, including a letter from counsel dated October 27, 2008, requesting return of the funds. A true and correct copy of that letter is attached as Exhibit I. Nevertheless, to date, defendants have failed to return the funds.

## COUNT I
## NEGLIGENCE

21. Cantab repeats and realleges the foregoing allegations as if fully set forth herein. This Count is asserted against all defendants.

22. As investment managers and sub-advisors with control over the assets entrusted to them by Cantab, defendants NBMI, LBAM, and BFDS, owed Cantab a duty to manage Cantab's investments with reasonable care. By failing to follow Cantab's specific instructions contained in the September 15 Email, and failing to correct their error despite numerous requests, Defendants breached this duty.

23. As a direct and proximate result of Defendants' negligence, Cantab has suffered damages in an amount no less than $1,649,066.67 plus costs and interest and Cantab is entitled to such damages from Defendants, jointly and severally.

## COUNT II
## BREACH OF CONTRACT

24. Cantab repeats and realleges the foregoing allegations as if fully set forth herein. This Count is asserted against all defendants.

25. By failing to follow Cantab's specific instructions contained in the September 15th Email, and by failing to correct their error despite numerous requests, Defendants NBMI, LBAM, and BFDS breached their obligations to Cantab.

26.  As a result of that breach, Cantab has been damaged in an amount no less than $1,649,066.67 plus costs and interest thereon.

WHEREFORE, Cantab respectfully requests that this Court enter judgment as follows:

(1) On the First Cause of Action, judgment against defendants NBMI, LBAM, and BFDS in the amount of no less than $1,649,066.67, plus interest;

(2) On the Second Cause of Action, judgment against defendants NBMI, LBAM, and BFDS in the amount of no less than $1,649,066.67, plus interest;

(3) Granting Cantab such other further relief as may be just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Cantab demands a trial by jury.

Dated: New York, NY
July 30, 2009

CHAFFETZ LINDSEY LLP

By: _____

Peter R. Chaffetz (PC-0562)
Cecilia Froelich Moss (CF-0607)

1350 Avenue of the Americas
New York, NY 10019
Tel.:  (212) 257-6960
Fax:   (212) 257-6950